UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK MAGUIRE, | |
| Plaintiff, | |
| v. | Civil Action No. 16-2433 (JEB) |
| FEDERAL BUREAU OF INVESTIGATION, | |
| Defendant. | |

MEMORANDUM OPINION

In this suit accusing the Federal Bureau of Investigation of failing to act on several of his farfetched tips, *pro se* Plaintiff Patrick Maguire is refreshingly blunt. If, he tells the Court, his tale of terrorist and drug-cartel sightings "all seems like some work of fiction," the Court should "feel free to dismiss" the Complaint. The Court indeed has its doubts about some of Maguire's observations, but it need not air them in this Opinion. It is enough to find that, because Plaintiff has not shown that he has suffered any injury from the FBI's alleged reticence, he lacks standing to bring this lawsuit.

I.    **Background**

Plaintiff originally filed this suit in the Superior Court for the District of Columbia before Defendant removed it here. See ECF No. 1. Although the Court could have dismissed the case at that time for failure to state a claim – the Complaint read, in its entirety, "(Negligence of obligation)" – it instead gave Maguire a second chance by ordering him to file an Amended Complaint that set out his allegations and the relief sought. See Minute Order of Dec. 16, 2016.

1

Plaintiff did so, somewhat.  On January 5, 2017, he filed a document titled "Trial by Jury of 12," ECF No. 4, which the Court took to be his Amended Complaint.  <u>See</u> Minute Order of Jan. 9, 2017.  After Defendant moved to dismiss, <u>see</u> ECF No. 6, Plaintiff filed an opposition, <u>see</u> ECF No. 8, whose facts the Court may also consider here.  <u>See</u> <u>Brown v. Whole Foods Market Group, Inc.</u>, 789 F.3d 146, 152 (D.C. Cir. 2015).

Plaintiff's pleadings are at times difficult to follow, but a central theme emerges.  He appears to be suing the FBI for failing to act on a number of tips he provided the agency through its website.  He claims to have given the Bureau information regarding, among others, cartel kingpin Joaquin "El Chapo" Guzman, Al-Qaeda boss Ayman Al-Zawahiri, convicted murderer and Black Liberation Army member Joanne Chesimard, and Boston mobster James "Whitey" Bulger.  <u>See</u> Am. Compl. at 2; Pl. Resp. at 1.  He recounts a number of sightings, from the alarming ("Al Queda [*sic*] on a bus in Phoenix, AZ," Am. Compl. at 2) to the suspicious ("an athletic white guy with a folder [with] Boston Marathon [bombing?] Information in it," Pl. Resp. at 2) to the commonplace ("an African American claiming to be from NYC," <u>id.</u>).  The FBI apparently did not act on these tips, although it bears mention that two of the aforementioned individuals are currently in custody.  According to Plaintiff, this amounts to "selective[]" enforcement of the law.  <u>See</u> Am. Compl. at 4.  He now files this suit – styled as a "personal tort," *qui tam*, and "whistleblower" action – to compel the Bureau to "do [its] job instead of playing politics."  <u>Id.</u> at 1-3.  He also appears to take issue with the FBI's offering of a reward for information, but does not flesh out this grievance.  <u>Id.</u> at 2.

## II.    Legal Standard

Defendant here contends that Maguire both lacks standing and fails to state a claim.  In other words, it seeks dismissal under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  The Court need

consider only the former.  Article III of the Constitution limits the power of the federal judiciary
to the resolution of "Cases" and "Controversies."  Because "standing is an essential and
unchanging part of the case-or-controversy requirement of Article III," Lujan v. Defenders of
Wildlife, 504 U.S. 555, 560 (1992), finding that a plaintiff has standing is a necessary "predicate
to any exercise of [the Court's] jurisdiction."  Florida Audubon Soc'y v. Bentsen, 94 F.3d 658,
663 (D.C. Cir. 1996); see also Allen v. Wright, 468 U.S. 737, 750 (1984) (discussing case-or-
controversy requirement).  "This limitation is no mere formality: it 'defines with respect to the
Judicial Branch the idea of separation of powers on which the Federal Government is founded.'"
Dominguez v. UAL Corp., 666 F.3d 1359, 1361 (D.C. Cir. 2012) (quoting Allen, 468 U.S. at
750).

     The doctrine of standing "requires federal courts to satisfy themselves that 'the plaintiff
has alleged such a personal stake in the outcome of the controversy as to warrant [his] invocation
of federal-court jurisdiction."  Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009) (citing
Warth v. Seldin, 422 U.S. 490, 498-99 (1975)).  "To establish Article III standing, an injury must
be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and
redressable by a favorable ruling.'"  Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147
(2013) (quoting Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010)).  "[T]he
[p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a
12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim."  Grand Lodge
of the Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001) (quoting 5A
Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987)).

## III.    Analysis

Plaintiff's pleadings fail to establish standing for multiple reasons.  Most fatally, they allege no injury.  To demonstrate his standing here, Maguire must contend that he suffered a distinct harm that can be traced to Defendant's alleged failure to act on his information.  See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982).  That injury must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  Lujan, 504 U.S. at 560 (citations omitted).  Plaintiff, however, simply has not alleged how he was injured – if at all – by the FBI's failure to take action in response to his tips.

To the extent that the Court may do the work for him, it finds no cognizable injury on the facts alleged.  Plaintiff does not claim that he has been denied reward money advertised by the FBI in its online postings.  Nor does he assert that he was personally harmed by any of the outlaws he reported.  Instead, he maintains that this case is "about how things are and are not enforced by the FBI," and "waste . . . or mishandling [of] money."  Pl. Resp. at 1-2.  This injury is neither concrete nor particularized.  Rather, it is just "injury to the interest in seeing that the law is obeyed," which has been held too abstract and unspecific to form the basis of a justiciable case or controversy.  See FEC v. Akins, 524 U.S. 11, 24 (1998) (quoting Coleman v. Miller, 307 U.S. 433, 460 (1939) (Frankfurter, J., dissenting)); see also Whitner v. U.S., No. 11–14458, 2012 WL 88284, at *1-2 (E.D. Mich. Jan. 11, 2012) ("The investigation and prosecution of crimes is a discretionary function of the FBI, and the Plaintiff lacks standing to challenge any decision by the FBI with regards to an alleged failure to investigate.").

**IV.     Conclusion**

Because Plaintiff's allegations do not state a cognizable injury, the Court will issue a

contemporaneous Order dismissing the case without prejudice for lack of subject-matter

jurisdiction.


_____/s/_____
JAMES E. BOASBERG
United States District Judge

Date:  <u>February 21, 2017</u>